NATHANIEL BOSWORTH, Plaintiff in Error, *v.* DAVID FRANK-BERGER, Defendant in Error.

ERROR TO BUREAU.

In a bargain by parol for the exchange of commodities, where there is no place specified for the delivery of the articles, the question should be left to the jury to determine, from the proof and surrounding circumstances, what were the terms of the agreement, and where the articles should be delivered.

Where the parties to the agreement were neither of them manufacturers of the articles exchanged, the place of delivery of each article would be where it happened to be at the time of the exchange.

THIS suit was commenced before a justice of the peace, and taken by appeal to the circuit court of Bureau county, by Bosworth. At October term, 1853, of the Bureau Circuit Court, the cause was heard before LELAND, Judge, and a jury, and resulted in a verdict and judgment for Frankberger. Bosworth brought the case to this court.

The court, at the request of the plaintiff's counsel, gave the following instructions to the jury: —

" That on the above state of facts, the plaintiff was entitled to recover, and that no demand was necessary for the stove, but that it was the duty of the defendant to deliver the stove when he got the wheels, and that as he did not do it within a reasonable time, plaintiff was entitled to consider the special contract rescinded, and to sue for the price of the wheels; " to which the defendant excepted.

The proofs, as contained in the bill of exceptions, are as follows: —

" The plaintiff proved, by one Lewis Chilson, that he, as agent for the defendant, made a contract with the plaintiff, in January, A. D. 1853, for a pair of truck wheels belonging to the plaintiff, which was then not entirely finished; that the contract was, that defendant was to give the plaintiff a certain cook-stove then in the possession of the defendant, for the truck wheels above,

in the possession of the plaintiff; that the truck wheels were to be finished and be ready for the defendant in the course of two or three weeks, when the plaintiff said he would want the stove. Defendant's agent stated to him that the stove would be ready for him when the wheels were done; that nothing was said in the contract about the delivery of the stove, or of the truck wheels; and defendant's agent did not understand that the defendant was to deliver the stove to the plaintiff, nothing was said on the subject; that in two or three weeks afterwards defendant's said agent called for the truck wheels and received them, when the plaintiff asked defendant's agent why he had not brought the stove in his wagon; the agent replied, it was too rough to bring it; the plaintiff requested defendant's said agent to bring it over some time when he came that way; the agent replied, that probably they would, which was all that was said at the time. The said witness said that the defendant had set out the said stove for the plaintiff before he got the truck wheels, and that it was always ready for him. It also appeared that the stove was set out of doors by the defendant, and remained for some time exposed to the weather; witness did not know that it was injured except by being rusted by exposure to the weather, when it was taken by the defendant to the plaintiff, but the plaintiff never called for it to his knowledge; that some time in May following, the plaintiff came over to see the defendant, and stated he would not have the stove now, but would have the money; that defendant being about to change his residence, took said stove to where said Frankberger lived, lest it would get broken, as defendant said, if it was left without any person to take care of it; that plaintiff refused to receive it, and commenced this suit; defendant admitted that the truck wheels were worth fourteen dollars, which was all the testimony."

Glover & Cook, and M. T. Peters, for plaintiff in error.

Dickey, Wallace, and Eastman, for defendant in error.

Caton, J.   This action was brought for the value of a pair of truck wheels.   One Chilson swore that he, as the agent of Bosworth, made a contract with the plaintiff below, in January, 1853, for the wheels which were not then finished, for which the defendant was to give the plaintiff a certain cook-stove which was then in defendant's possession.   That the plaintiff was to finish the wheels and have them ready for delivery in two or three weeks, when the plaintiff said he would want the stove,

which would be ready for him then. Nothing was said as to the place of delivery of the wheels or the stove. The defendant's agent called for and obtained the wheels at the time agreed upon, when the plaintiff asked why he did not bring the stove; when the agent replied, that it was too rough to bring it, but said he would probably bring it over some time when he came that way. Before he obtained the wheels the defendant had set the stove out for the plaintiff, where it remained for a considerable time, till the defendant was about to move away, when he carried it to the plaintiff, who refused to receive it. This was in May, and the stove had become rusted by the weather. The plaintiff had not in the mean time sent for the stove. It was admitted that the wheels were worth fourteen dollars. The court instructed the jury, that on the above state of facts the plaintiff was entitled to recover, and that no demand was necessary for the stove, but that it was the duty of the defendant to deliver the stove when he got the wheels, and that if he did not do it within a reasonable time, the plaintiff was entitled to consider the special contract as rescinded, and to sue for the price of the wheels.

We think the questions should have been left to the jury, which, in these instructions, the court assumed to decide for them. The agreement of sale or exchange in this case was by parol, and did not by its terms, so far as we learn from the testimony of the witness, specify the place of delivery of the article sold or exchanged. It was for the jury to determine what were the terms of the agreement, and if found to be as this witness testified, the place of delivery must depend upon extrinsic circumstances. If the plaintiff was a wheelwright and manufactured such articles for sale, and the defendant ordered or purchased of him the wheels and agreed to pay in a stove, especially as the defendant was not a manufacturer of or dealer in stoves, there is no doubt that it was the duty of the defendant to call at the plaintiff's shop for the wheels and there to pay for them by the delivery of the stove, while, if neither was a manufacturer of, or dealer in the article disposed of, but each happened to have or expected to have the article on hand, and they agreed to exchange the articles the one for the other, the place of delivery of each article was where it happened to be at the time of the exchange. 2 Greenl. Evid. §§ 609, 610; Bronson *v.* Gleason, 7 Barb. S. C. R. 472. Where the intent of the parties or the place of delivery is to be determined by extraneous circumstances, those circumstances must be proved, and it is for the jury to determine what contract the proof does establish; and what was the intent of the parties as indicated

by the surrounding circumstances, being, of course, governed in their finding of these facts by the rules of law to be given them by the court. Although we might, in this instance, agree with the circuit court in the opinion that this evidence shows a purchase of the wheels by the defendant, of the plaintiff, to be paid for in a stove, and that it was the intention and understanding of the parties, that the defendant should take the stove to the plaintiff; still we think the court should have left it to the jury to say what the contract was which the proof did show, and what was the intention of the parties as indicated by the surrounding circumstances, simply laying down the rules of law by which they should be governed in determining those questions of fact.

The judgment of the circuit court must be reversed, and the cause remanded.

*Judgment reversed.*